PHILIP WOOD, Respondent, *v.* ORLANDO M. HARPER and Another, Appellants.

*Enforcement of a mortgage lien — when the equity of redemption has been sold and purchase money retained to pay the mortgage — a single cause of action.*

A complaint in an action brought for the foreclosure of a mortgage, in addition to the usual allegations contained in a complaint in foreclosure, alleged the conveyance by an owner of the equity of redemption of a part of the mortgaged premises to one of the defendants; the retention by that defendant, out of the purchase money, of a sum to discharge the plaintiff's mortgage, and the assignment, by the grantor in such conveyance, of his claim for the unpaid portion of the purchase money. It demanded judgment for a sale of the premises, and that out of the proceeds of sale the plaintiff's mortgage be satisfied.

*Held,* that such allegations were averred only to show that the portion of the mortgaged land sought to be sold in the action was in equity primarily liable for the mortgage debt, and that but one cause of action was stated in the complaint.

APPEAL by the defendants, Orlando M. Harper and another, from an order of the Supreme Court, granted at the Kings County Special Term and entered in the office of the clerk of the county of Suffolk on the 26th day of November, 1894, denying the motion of the defendants to compel the plaintiff to make his complaint more definite and certain by separately stating or numbering the several causes of action therein set forth.

The complaint, after setting forth the execution of the bond and mortgage in question; the conditions thereof; that certain payments had been made thereon, and the assignment of said bond and mortgage to the plaintiff, contained the following other allegations:

"VII. That after the date of the said mortgage set forth in the second paragraph of this complaint, and before the assignment thereof to the said Elizabeth H. Cook, set out in the fourth paragraph of this complaint, the said Charles McCaffrey, who had in the meantime become seized of said mortgaged premises as trustee, by an instrument in writing under his hand and seal, dated the 3d day of September, one thousand eight hundred and ninety-two, and recorded in the office of the clerk of Suffolk county on the 6th day of September, 1892, in Liber 378 of Conveyances, page 75, in consideration of the sum of seven thousand seven hundred dollars expressed to be paid by the defendant Orlando M. Harper to the said Charles McCaffrey, duly conveyed to the said defendant Orlando M. Harper part of the said mortgaged premises.   *   *   *

"The said property so sold and conveyed to the said Orlando M. Harper was sold subject to an existing mortgage thereon to the Riverhead Savings Bank to the extent of three thousand two hundred dollars, and interest from the date of the said deed, and subject also to the mortgage to Hewlett Scudder, set out in the second paragraph of this complaint, to the extent of one thousand dollars then and still due thereon; which last-mentioned mortgage has been assigned to the plaintiff in manner hereinbefore appearing. And the said Orlando M. Harper deducted from the purchase money expressed in the said deed the said sum of one thousand dollars so remaining due on the said last-mentioned mortgage, and retained the same in his hands to meet the lien of said last-mentioned mortgage, as more fully appears by a letter on the subject written by John Larkin, the attorney of the said Orlando M. Harper, and

addressed to the said Charles McCaffrey, of which the following is a copy :

"'ERNEST G. STEDMAN Counsellor at Law, 7 Nassau Street.

"'NEW YORK, *September* 9, 1892.

"'DEAR SIR.— The Title Guarantee and Trust Company have just informed me that the second mortgage held by Mr. Hewlett Scudder is in the sum of six thousand dollars and not in the sum of one thousand dollars as represented when we closed the title.

"'We must insist now that you produce a release of the tract conveyed to us by you, and Mr. Harper will pay the balance of the consideration agreed upon, to wit, one thousand dollars, as heretofore arranged, which was retained to cover the mortgage to that amount on said premises.

"'Yours truly,
"'JOHN LARKIN.

"'To CHARLES McCAFFREY, Esq., 29 Pearl Street, New York City.'

"VIII. That by an indenture, made on the 24th day of September, 1894, between the said Charles McCaffrey, as trustee, party of the first part, and this plaintiff of the second part, the said Charles McCaffrey, for the considerations in said indenture mentioned, granted, bargained, sold, assigned, transferred and set over to the plaintiff all that sum of one thousand dollars, part of the unpaid purchase money retained by the said Orlando M. Harper on the sale to him by the party of the first part of the premises hereinbefore described, and for the considerations aforesaid the said Charles McCaffrey assigned and set over to this plaintiff all that the lien of the said Charles McCaffrey on said premises for the unpaid purchase money thereof so retained by the said Orlando M. Harper thereout as aforesaid, together with the interest due and to grow due thereon, to hold the same to this plaintiff, his executors, administrators and assigns, forever.

"IX. That all of the property comprised in the mortgage set forth in the second paragraph of this complaint, which mortgage has been duly assigned to this plaintiff in manner hereinbefore appearing, has been released from the lien thereof, except the lands and premises conveyed by the said Charles McCaffrey to the defend-

ant Orlando M. Harper, as set forth in the sixth paragraph of this complaint; and this plaintiff claims and alleges that the whole of the said sum of one thousand dollars still remaining due on the said mortgage set forth in the first paragraph of this complaint, by operation of the conveyance to the said Orlando M. Harper set forth in the sixth paragraph of this complaint, and by his retention of the said sum of one thousand dollars out of the purchase money, became and still is a lien on the lands and premises described in the conveyance to the said Orlando M. Harper exclusively.

" X. And the said plaintiff further shows that the said defendants have failed to comply with the condition of the said bond and mortgage by omitting to pay the sum of one thousand dollars, the balance now due on the mortgage so executed by the said Charles McCaffrey to the said Hewlett Scudder in the manner aforesaid, which became due and payable on the seventeenth day of June, in the year one thousand eight hundred and eighty-nine, and there is now justly due to the plaintiff upon the said bond and mortgage the sum of one thousand dollars, and interest thereon from the third day of September, 1892, and the plaintiff further shows that no proceedings have been had at law or otherwise to his knowledge or belief for the recovery of the said sum secured by the said bond and mortgage, or any part thereof, and that no other action has been brought to recover any part of the mortgage debt.

" XI. The plaintiff further shows the defendants have or claim to have some interest in or lien upon the said mortgaged premises, which interest or lien, if any, has accrued subsequently to the lien of the said mortgage.

" The plaintiff, therefore, demands judgment that the defendants, Orlando M. Harper and Kathleen L. Harper, his wife, and all persons claiming under them or either of them, subsequent to the commencement of this action, may be barred and foreclosed of all right, claim, lien and equity of redemption in such part or parts of the said mortgage or premises as were so sold and conveyed by the said Charles McCaffrey, as trustee, to the said Orlando M. Harper, as appears by the seventh paragraph of the complaint; that the said premises mentioned and described in the seventh paragraph of this complaint may be decreed to be sold according to law; that the moneys arising from the sale may be brought into court; that the

plaintiff may be paid the amount due on said bond and mortgage, with interest to the time of such payment and the costs and expenses of this action, so far as the amount of such moneys properly applicable thereto will pay the same ; and that the plaintiff may have such other or further relief, or both, in the premises as shall be just and equitable."

*Stedman & Larkin*, for the appellants.

*John H. Stoutenburgh*, for the respondent.

CULLEN, J. :

This is an appeal from an order of the Special Term denying defendants' motion to direct the plaintiff to separately state and number the several causes of action stated in the complaint.

We think that there is but one cause of action stated, that is for the foreclosure of a mortgage. The allegations of the complaint in reference to the conveyance by an owner of the equity of redemption of a part of the premises mortgaged to the defendant Harper, the retention by that defendant out of the purchase money of a sum to discharge the plaintiff's mortgage, and the assignment by the grantor in such conveyance of his claim for the unpaid portion of the purchase money are averred only to show that the portion of the mortgaged land sought to be sold in this action is in equity primarily liable for the mortgage debt. The judgment prayed for asks only the sale of these premises and out of the proceeds of sale the satisfaction of the plaintiff's mortgage. The allegations above referred to as to the conveyance to the defendant Harper may have been unnecessary to support or establish the plaintiff's cause of action, but, nevertheless, they are to be in no sense considered as stating an independent cause of action.

The defendants' motion was, therefore, properly denied.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BROWN, P. J., and DYKMAN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.